[Keystone National Bank, et al. v. Palos Coal & Coke Co., et al.]

# Keystone National Bank, *et al. v.* Palos Coal & Coke Co., *et al.*

*Creditor's Bill to Annul Certain Mortgage Bonds and to Ascertain the Amount of Indebtedness and Valid Outstanding Bonds.*

(Decided April 9, 1907.   43 So. Rep. 570.)

1. *Corporations; Action Against; Persons Entitled to Sue; Prereuisites.*—A bond creditor of a corporation need not first request the corporation to institute such proceedings before bringing an action against the corporation and the holder of certain mortgage bonds for the annulment of such bonds and for the ascertainment of the amount of the outstanding valid mortgage bonds, and the amount of the indebtedness of the corporation to general creditors, and for a sale of the corporate property to pay the same.

2. *Same; Parties.*—A bill filed by a· bond creditor inviting all other bona fide holders of mortgage bonds as well as common creditors to join therein, seeking the annullment of bonds held by certain other persons, an ascertainment of other outstanding valid mortgage bonds, the amount due general creditors and a sale of the property of the corporation to pay the same but the facts of which show, not an illegal issue of the bonds but an illegal disposition of the same, is defective for a misjoinder of parties.

3. *Same; Corporate Bonds; Wrongful Disposal.*—Where it appears that bonds were legally issued by the corporation for corporate purposes but were illegally disposed of the remedy is not an annullment of the bonds but a restoration of the same to the rightful custodian and should be sought in the name of the corporation.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by Keystone National Bank and others against the Palos Coal & Coke Company and others.   From a decree for defendants, complainants appeal.   Affirmed.

[Keystone National Bank, et al. v. Palos Coal & Coke Co., et al.]

The bill is exhibited against the Palos Coal & Coke Company and the members composing the firm of Drennen & Co. Its allegations and purposes are sufficiently stated in the opinion. Motion was overruled to dismiss it for want of equity. General demurrers were interposed to the bill as follows: "(1) The bill fails to allege that any request has been made by complainant of the corporation defendant to institute proceedings or take steps to redress the alleged grievances set forth in the bill, or to show any sufficient excuse for the failure to make such request, and no sufficient reason is shown for bringing the suit in the name of the complainant, and not in the name of the Palos Coal & Coke Company. (2) The bill does not allege that the complainant has made request of the Birmingham Trust & Saving Company, as the trustee in the mortgage or deed of trust, to institute proceedings or take steps to redress the alleged grievances set forth in the bill of complaint, nor does said bill show any sufficient excuse for the failure to make such request, and no sufficient reason is shown for bringing this suit in the name of the complainant. (3) Said bill does not allege that the holder or holders of the majority of the outstanding bonds secured by the mortgage in writing directed the trustee to sell the property conveyed by said mortgage, and the trustee's refusal. (4) Complainant has a plain and adequate remedy, to wit, by the terms of the deed of trust, and no sufficient reason is shown for not resorting to the remedy therein provided. For that the bill is multifarious, in that it joins a personal action against parties with an action brought as a bondholder in behalf of himself against the same parties defendant. Said bill improperly joins parties complainant, in that a bondholder is joined with general creditors." Various other grounds were interposed by the Palos Coal & Coke Company and by the firm of Drennen & Co. The demurrers were sustained upon various grounds named in the judgment, and from the decree sustaining demurrers this appeal is prosecuted.

TOMLINSON & McCULLOUGH, for appellant.—The creditor of an insolvent corporation can maintain a bill to

set aside a fraudulent issue of bonds and to administer the assets for the benefit of the creditors.—*Fort Payne Bank v. Alabama Sanitarium*, 103 Ala. p. 358; *Bibb v. Montgomery Iron Works*, 101 Ala. p. 301; *Melly v. Moline Iron Works*, 131 U. S. p. 362; *Farmers L. & T. Co. v. San Diego Co.*, 45 Fed. Rep. 518; 3d. Cook on Corporatons, 5th. Ed. p. 2258, Sec. 848 (e) and note; *Louisville Railway v. Louisville Traction Company*, 174 U. S. 674; *Chattanooga R. R. v. Evans*, 66 Fed. Rep. p. 809; *Washington Mill Co. v. Sprague Lumber Co.*, 52 Pac. Rep. 106-7; Cook on Stock and Stockholders Corporation Law, 3d. Ed. p. 1313; Acts of Alabama 1903, p. 388.

STALLINGS, NESMITH & DRENNEN, for appellee.—The appellants cannot redress their alleged wrongs without alleging that they have done all in their power within the corporation itself to have the wrongs redressed or show their reason for failing to do so.—*Johnson v. National Building & Loan Association*, 125 Ala. 481; 126 Ala. 679; 133 Ala. 667; 140 Ala. 505; 90 Ala. 396; 103 Ala. 220; 29 Ala. 503; 98 Ala. 219; 84 Ala. 613; 71 Ala. 581; 98 Ala. 237; 110 Ala. 274; 25 Ala. 566; 133 Ala. 326, 330; 118 Ala. 677; 68 Ala. 71; 82 Ala. 437; 113 Ala. 531.

The demand upon the trustee to foreclose the mortgage should have been alleged in the bill.—(3) Cook on corp. (4th Ed.) Secs. 821-826 and 843; 12 Bush. 673; 10 Cyc. 1180; 68 Ala. 71; 25 Fed. 489; 61 Fed. 372; 49 N. J. Ep. 176; 130 Mass. 303; 87 Fed. 590; 15 Fed. 55. The bill should aver that the holders of a majority of the bonds secured by the mortgage desire that the mortgage be foreclosed.—Authorities last above; 32 Atl. 305; 57 Fed. 262; 106 U. S. 46; 52 Minn. 148. The bill is multifarious.—71 Ala. 581; 22 Hun. 150; 38 Fed. 629; 93 Ala. 610. General creditors are not proper parties to the suit.—3 Cook on Corp. (4th Ed.) 1906; *Bronson v. Railroad Co.*, 2nd Black. 524.

DOWDELL, J.—The present bill is not one by a stockholder seeking to redress corporate wrongs, and hence the demurrer going to this supposed phase of the

bill is inapt, and the principle stated in *Johnson v. National Building & Loan Association,* 125 Ala. 481, 28 South. 2, 82 Am. St. Rep. 259, and the numerous other cases cited in brief of counsel, is without application.

The bill is exhibited by the complainant the Keystone National Bank, "on behalf of itself and all other bona fide bondholders and creditors of the Palos Coal & Coke Company who may come in and share in the expenses and benefits of this litigation," and therefore purports on its face to be a general creditors' bill. According to the averments and prayer for relief, the bill has a two-fold purpose; the first being the "annulment" of certain mortgage bonds held and claimed by the respondents D. M. Drennen, H. A. Drennen, F. M. Drennen, and W. M. Drennen, and, second, for the ascertainment of the amount of the outstanding valid mortgage-bonds, and the amount of indebtedness of the respondent Palos Coal & Coke Company to the general creditors, and the priority of creditors, and for the sale of property for the payment of such indebtedness. Among other things, the bill avers the ownership by the complainant the Keystone Bank of 7 of the mortgage bonds, of the par value of $1,000 each, aggregating $7,-000, and for which it paid $7,000, and default by the Palos Coal & Coke Company in the payment of the interest on the same, and avers an indebtedness to unsecured creditors at large of $20,000, alleging also the involvency of the respondent Palos Coal & Coke Company. Although the Keystone National Bank is sole party complainant of record as the bill at present stands, yet as exhibited, inviting all other bona fide holders of mortgage bonds, as well as common creditors, to join in the bill, it presents two classes of creditors as to whom different principles may apply. For this reason the bill is defective.

It is not shown whether the general creditors are subsequent or prior creditors to the issue of the bonds. A general creditor, as well as a bond creditor, may attack the illegality of issue of bonds secured by mortgage on corporate property (3 Cook on Corporations (5th Ed.) §§ 766a, 848); and having a common grievance to

[Keystone National Bank, et al. v. Palos Coal & Coke Co., et al.]

be remedied, and with like relief, namely, the "annulment" of the illegal issue, no reason appears why the two classes of creditors, to that end and in a proper case, may not join in the same bill.

While the bill prays specifically for the "annulment" of certain bonds held by the respondents, the relief sought in this respect is inappropriate to the facts stated in the bill. The bond issue was for corporate purposes and benefits, and was made under corporate authority, and it is not pretended, in so far as shown by the facts stated in the bill, that there was any illegality in the issue of the bonds. The facts stated tend to show, not an illegal issue, but rather an illegal disposition of the bonds after the same had been legally issued. If the bonds were "hypothecated" without consideration, and in this manner parted with and disposed of, this would be a corporate wrong. The remedy in such a case, it would seem, would not be the "annulment" of the bonds, but a restoration of the bonds to the rightful custodian, and the relief should be sought and had in the name of the corporation.

The sole complainant here is a secured bond creditor, and the bill does not deny that the property mortgaged is amply sufficient to secure the whole of the bond issue. The mortgage provides in terms when and under what conditions a foreclosure may be had for the benefit of the bondholders. The bill wholly fails in averments necessary to authorize a court of equity to proceed to a decree of foreclosure of the mortgage. But it is insisted in argument by counsel for complainant that a foreclosure of the mortgage is not the object and purpose of the bill. If this be conceded, we are unable to see how the complainant can proceed. The bill prays for a sale of the property embraced in the mortgage for the payment of the debts of the corporation defendant due complainant and other creditors. The validity of the mortgage is not questioned. The legal title to the property is in the trustee named in the mortgage. It is difficult to understand how, under the averments of the bill, the relief prayed can be had without a foreclosur of the mortgage.

The bill is defective, and subject to a number of grounds specified in the demurrer, and the decree of the chancellor sustaining the demurrer must be affirmed. Affirmed.

Tyson, C. J., and Anderson and McClellan, JJ., concur.